DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants-defendants KK, a minor, and SJK and RJK, her parents, appeal from a judgment of the Medina County Court of Common Pleas that granted summary judgment to appellee-plaintiff State Farm Fire and Casualty Company ("State Farm"). This Court affirms.
 I.
State Farm filed a complaint for declaratory judgment against Katheryn Straw, Charles O'Malley, KK, SJK, and RJK seeking a declaration that it had no duty to defend or indemnify Charles or Katheryn with respect to the claims of KK, SJK and RJK. In the underlying suit, KK, a minor, and her parents, SJK and RJK filed an action against Charles, Katheryn, Marilyn O'Malley, and Steven O'Malley, after Steven sexually molested KK while she was in Katheryn's care.[1] Charles is the owner of a house located in Brunswick, Ohio, and is the father of Steven. Katheryn is Charles's stepdaughter who operates a day care center at Charles's home in Brunswick. KK is one of the children for whom Katheryn provided childcare services. At the time of the sexual molestation Charles and his wife Marilyn held a homeowner's insurance policy for their Brunswick home by State Farm. Charles and Katheryn had requested that State Farm provide for their defense in the suit. State Farm hired legal counsel to defend them, but reserved the right to deny coverage if judgment is entered against them. Thereafter, State Farm filed the declaratory judgment action.
State Farm moved for summary judgment, contending that it had no duty to defend or indemnify Charles or Katheryn with respect to the claims of KK, SJK, and RJK. State Farm argued that the policy at issue contains two exclusions, the business pursuits exclusion and the child care services exclusion, which preclude recovery for the underlying claims.[2] The trial court denied the motion on May 22, 1997. State Farm filed a motion for reconsideration on January 26, 1998.[3] The court granted State Farm's motion for reconsideration, and on March 5, 1998, vacated its May 22, 1997 order, and, finding that the child care exclusion precludes coverage for the underlying claims, granted summary judgment in favor of State Farm.
KK, SJK, and RJK timely appeal, asserting one assignment of error.[4]
II. ASSIGNMENT OF ERROR
 "The Trial Court Erred In Granting Summary Judgment In Favor Of The Plaintiff, State Farm Fire Casualty Company."
Appellants argue that the trial court's decision to grant appellee's motion for reconsideration, vacate its prior order, and grant summary judgment in favor of State Farm was improper. This Court disagrees.
In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court.Perkins v. Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Id. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
State Farm argued that the underlying claims of KK and her parents, SJK and RJK, fall within the policy's business pursuits and child care service exclusions and, therefore, State Farm has no duty to defend or indemnify any of the insureds with respect to those claims. On appeal, appellants do not contest the trial court's finding "that the child care exclusion in the insurance policy at issue expressly excludes coverage for claims brought by `any person who is in the care of any insured because of child care services provided by or at the direction of any insured.'" Rather, appellants state that the only exclusion at issue in this appeal is the business pursuit exclusion. In the interest of justice however, this Court will address both provisions.
 A. Child Care Exclusion
The pertinent section of the policy reads:
SECTION II — EXCLUSIONS
 Coverage L [personal liability] and Coverage M [medical payments to others] do not apply to:
* * *
 i. any claim made or suit brought against any insured by:
 any person who is in the care of any insured
because of child care services provided by or at the direction of:
any insured;
* * *
 any person who makes a claim because of bodily injury to any person who is in the care of any insured because of child care services provided by or at the direction of:
any insured;
* * *
 This exclusion does not apply to the occasional child care services provided by any insured, or to the part-time child care services provided by any insured
who is under 19 years of age * * *.
State Farm asserts that the policy excludes coverage for the injury to KK because the injury occurred while Katheryn was providing childcare services for KK. This Court agrees.
The policy expressly excludes coverage for any claim brought by "any person who is in the care of any insured because of child care services provided by or at the direction of any insured." It is undisputed that Katheryn is an "insured" under the policy, and that Katheryn was providing child care services for KK. Katheryn testified in her deposition that she had operated a babysitting service in Charles' home since October 1986, and that she had begun babysitting for KK in 1989. Babysitting falls within the definition of child care services. The claims brought by KK, SJK, and RJK are for injury to KK that occurred while Katheryn was babysitting KK. Therefore, the claims by KK, SJK and RJK fall within the policy's childcare exclusion.
Furthermore, the two exceptions to the exclusion do not apply. One exception is for injuries that arise from "the part-time child care services provided by any insured who is under 19 years of age." At the time of the incident in 1993, Katheryn was well over the age of nineteen; she had graduated high school in 1978. The other exception is for injury that occurs during "the occasional child care services provided by any insured." Katheryn testified that the babysitting service was her full-time business and that it was her only source of income since 1989.
Accordingly, the trial court did not err in finding that the child care exclusion in the policy excludes coverage for the claims brought by KK, SJK, and RJK.
 Business Pursuits Exclusion
The pertinent section of the business pursuit exclusion reads:
SECTION II — EXCLUSIONS
 Coverage L [personal liability] and Coverage M [medical payments to others] do not apply to:
* * *
 bodily injury or property damage arising out of business pursuits of any insured * * *. This exclusion does not apply:
 to activities which are ordinarily incident to non-business pursuits;
 with respect to Coverage L [personal liability] to the occasional or part-time business pursuits of an insured who is under 19 years of age;
Appellants concede that Katheryn's child care service falls within the policy's business pursuits exclusion. They contend, however, that State Farm is contractually obligated to indemnify and defend its insureds because the injury falls within the exception to the exclusion because the injury arose from "activities which are ordinarily incident to non-business pursuits."
Appellants argue that this Court should follow the test put forth in Watkins v. Brown (1994), 97 Ohio App.3d 160, to determine whether the exception to the business pursuits exclusion applies. Appellants call the test the "expectation test," and state that the test is "that, in order to find that an activity is inherent to a business pursuit, it must be shown that the activity was so inherent to the business so as to be expected." Appellants assert that if the Watkins test is followed in this case, the exception to the business pursuits exclusion applies because Steven was not connected with the child care rendered by Katheryn, and because sexual molestation cannot be considered an activity that is inherent to babysitting.
Appellants have misinterpreted Watkins. The Watkins court did not set forth a test to determine whether the exception to the exclusion applies. The case involved a situation in which the injury occurred while the insured was changing a child's diaper.Id. Reversing a judgment against the insurer, the court concluded that the act of changing the child's diaper, and the fact that the injury occurred at that time, precluded reliance on the exception. Id. The court explained that, because the child was being babysat for compensation, and because the child had to be diapered, the diapering was an activity arising out of the babysitting business, rather than being "usual to non-business pursuits." Id.
Appellants are incorrect in focusing their argument around Steven's actions. A similar argument was made by appellants inTitterington v. Portman (Mar. 29, 1996), Geauga App. No 95-G-1933, unreported. In that case, the insureds were running a small babysitting business out of their home. A child whom the insureds were hired to watch was injured when a dog owned by the insureds bit the child. Attempting to hold the insureds' homeowners insurance liable, the appellants argued that the act of the dog biting the child was an act not normally considered business-related and, therefore, fell within the exception to the business activity exclusion. Id. Adopting Watkins, the Eleventh District rejected appellants' argument:
 Appellants' argument that the dog attack was not related to the business of babysitting and that the exception to the exclusion should apply is without merit. The trial court held that it was clear that the failure to provide a safe location for the children to stay did not remove this incident from the business activity exclusion, as keeping children in a safe place is a part of the business of babysitting. This reasoning is persuasive, as the business of babysitting includes providing a secure location to keep the children, just as it included the act of diapering infants in the Watkins
case.
Id.
This Court adopts the reasoning in Titterington and concludes that the exception to the business exclusion, for "activities which are usual to non-business pursuits," does not apply. Accordingly, appellants' sole assignment of error is overruled. Summary judgment was appropriately entered in favor of State Farm. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
DONNA J. CARR, FOR THE COURT
BAIRD, P.J., BATCHELDER, J., CONCUR.
[1] The record reflects that Steven pleaded guilty to sex crimes involving KK in Medina County criminal case no. 93-CR-0116.
[2] Attached to State Farm's summary judgment motion is what appears to be portions of Katheryn's deposition. The deposition is not signed by Katheryn, certified by the notary, or time stamped, and the transcript of docket entries does not show the filing of any deposition or copy thereof. Appellants did not object, but rather, in their motion in opposition to State Farm's summary judgment motion, referred to the deposition attached to Katheryn's motion in opposition. Katheryn's motion refers to the deposition attached to State Farm's motion, and attached what appears to be the remaining portions of Katheryn's deposition. That portion is also not time stamped, entered on the docket, or certified by the notary who transcribed it. Therefore, this Court will "accept [the parties'] statements as expressing an agreement between [them] that the deposition was, in some manner, brought to the trial court's attention, and that the judgment reached reflected the court's view of the evidentiary material provided therein." Tillman v. The Fred W. Albrecht Grocery Co. (May 26, 1982), Summit App. No. 10551, unreported.
[3] State Farm included Marilyn O'Malley as a defendant in both its motion for summary judgment and motion for reconsideration. However, Marilyn was never made a party to the declaratory judgment action.
[4] Charles and Katheryn are not parties to this appeal.